**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNVERFERTH MFG. CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:11-CV-184 |
| | ) | |
| v. | ) | District Judge Watson |
| | ) | |
| CRUSTBUSTER/SPEED KING, INC., | ) | Magistrate Judge Preston Deavers |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to S. D. Ohio Pat. R. 105.2(d), Plaintiff Unverferth Mfg. Co., Inc.

("Unverferth") and Defendant CrustBuster/Speed King, Inc. ("CrustBuster") hereby provide the

following Joint Claim Construction and Prehearing Statement.

**I.      THE CONSTRUCTION OF THOSE TERMS OR PHRASES ON WHICH
          THE PARTIES AGREE**

The Parties have not reached agreement on any terms or phrases.

**II.     THE CONSTRUCTION OF DISPUTED TERMS AND PHRASES**

Please see attached Appendix A.

**III.    MOST SIGNIFICANT TERMS AND PHRASES**

There are five terms proposed for construction:

| Disputed Term or Phrase | Page Location in Appendix A |
|---|---|
| "swivel assembly" | A-1 |
| "telescoping boom" | A-2 to A-4 |

5158758v1

| "exterior side of said bin" | A-5 |
| "cylinder" | A-5 to A-6 |
| "Attaching, attached" | A-6 |

Statement of the Parties

Unverferth has filed a Motion for Leave to Amend its Disclosure of Asserted Claims and Infringement Contentions Pursuant to S.D. Ohio Pat. R. 103.7 ("Motion for Leave") to identify additional claims 3-4, 6, 8-10 and 12-13. Doc. 49.  CrustBuster opposes Unverferth's Motion for Leave.  The parties refer the Court to the briefing on Unverferth's Motion for Leave for the details of the parties' positions in this regard.

CrustBuster's Statement

If Unverferth's Motion is granted in whole or in part, Crustbuster intends to move for leave for the Parties to amend their disclosures under Local Patent Rules 103, 104, and 105 as they pertain to terms necessary for the construction of any additional claims allowed by the Court.

**IV.  THE ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING**

The Parties anticipate the Claim Construction Hearing will last one day, with Unverferth to proceed with its presentation first.

**V.  WITNESSES AT CLAIM CONSTRUCTION HEARING**

Unverferth Statement

Unverferth does not intend to call any expert witnesses at the Claim Construction Hearing, but reserves its right to call a rebuttal expert witness, should CrustBuster call a witness.

2

5158758v1

In the Rule 105.2(c) meet-and-confer on February 16, 2012, CrustBuster stated that it was considering calling Norbert Werner as a fact witness. Mr. Werner was listed in CrustBuster's Rule 105.2(a) disclosure as a potential witness to be relied upon "to explain the relevant art, the background of the technology at issue, the characteristics of one of ordinary skill in the art, and to assist the Court in the meaning of claim terms in dispute, including providing their opinions on the meaning of such terms . . .." To the extent that Mr. Werner testifies as an expert witness, Mr. Werner must submit an expert report pursuant to Rule 26(a)(2)(B) limited to the subjects listed in CrustBuster's rule 105.2(a) disclosure and be made available for deposition on those opinions well prior to the claim construction hearing.

Unverferth objects to Mr. Werner providing any alleged "fact" or "lay opinion" testimony. Werner does not have personal knowledge about anything that would be remotely relevant to the construction of the claims of the '044 patent, including no personal knowledge about the '044 patent or prosecution history. To the extent Mr. Werner may have personal knowledge about any matters, such matters would be improper and irrelevant extrinsic evidence. Furthermore, any opinion testimony he may have about "the relevant art and technology at issue" would not be covered by Rule 701 because, at a minimum, lay opinion testimony must "not be based on scientific, technical, or other specialized knowledge within the scope of Rule 702." For at least these reasons, Mr. Werner's testimony as a lay or fact witness would not be proper. As previously stated, such testimony would be expert testimony and we would require an expert report and deposition. Moreover, Mr. Werner has not been deposed in his personal capacity as a fact witness in this case and is subject to deposition going forward. Should Mr. Werner be allowed to testify as a fact witness at the hearing, Unverferth will seek to, at the least, depose Mr. Werner prior to the hearing.

<u>Crustbuster Statement</u>

Crustbuster intends to call Crustbuster employee Norbert Werner to explain the relevant art — seed tenders and related agricultural machinery — based upon his own vocational experience.  Mr. Werner will also provide testimony on the creation of a demonstrative exhibit or exhibits, created under Mr. Werner's personal supervision and based upon Mr. Werner's personal review of the disclosure provided in the '044 Patent.  Mr. Werner will also demonstrate the operation of the demonstrative exhibit or exhibits in order to aid the court in understanding aspects of the device disclosed in the '044 Patent.

As such, Mr. Werner is a lay witness and is not subject to the disclosure requirements of an expert witness.

Even assuming arguendo that the above subjects require Mr. Werner to be tendered as an expert witness, Crustbuster disagrees with Unverferth's characterization of the disclosure requirements applicable to the Claim Construction Hearing. First, Local Patent Rule 105.2 does not require an expert report for any witness.  Rather, the disclosure requirements under 105.2 are akin to those provided in Fed. R. Civ. P. 26(a)(2)(C), "Witness Who Does Not Provide an Expert Report."  By contrast, Local Patent Rule 106.1, which expressly applies only to experts "other than those related to claim construction," sets forth a series of disclosures, including written expert reports, that are akin to the disclosures in provided in Fed. R. Civ. P. 26(a)(2)(B), "Witness Who Must Provide an Expert Report."  Furthermore, Local Rule 106.2 provides for a schedule for the deposition of 106.1 experts, whereas the Local Patent Rules provide no time table or express requirement for the deposition of experts testifying at the Markman hearing.

Second, even if the Court were to override the Local Patent Rules and apply the disclosure rules applicable to expert testimony at trial per Rule 26(b)(2), Mr. Werner is not a

witness who would require an expert report because he was neither "specially retained or specially employed to provide expert testimony or one whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).

Unverferth will be afforded the opportunity to cross-examine Mr. Werner at the hearing and has already deposed Mr. Werner as Crustbuster's 30(b0(6) witness, including examination of his background, education, and experience. As such, a further deposition of Mr. Werner in his personal capacity would be of little additional benefit and would be outweighed by the expense.

In addition, Unverferth has reserved its rights to create and use its own demonstrative exhibits and the parties have agreed that the disclosure of such exhibits will not occur until thirty days (30) prior to the hearing.  As such, it would be more appropriate for the parties to brief the issue after receiving the disclosure of the proposed demonstrative exhibits if either party wishes to object to the other party's exhibit or witness.

Crustbuster will oppose any witness Unverferth attempts to offer at the hearing who has not been specifically identified in the Joint Claim Construction.

## VI.    JOINT CLAIM CONSTRUCTION INTRINSIC AND EXTRINSIC EVIDENCE

Attached as Appendices B and C are a copy of the '044 Patent and its Prosecution History, respectively, which contain the intrinsic evidence cited by Unverferth and Crustbuster in support of their constructions of the disputed terms and phrases.  Attached Appendix D contains the patents referenced in the prosecution history of the '044 Patent.   Attached Appendix E contains the extrinsic evidence cited by Crustbuster in its constructions of the disputed terms and phrases.

## VII.   STIPULATION ON THE EXCHANGE OF ADDITIONAL HEARING EXHIBITS

5

The Parties shall exchange and/or disclose any demonstrative exhibits for which they intend to rely at the claim construction hearing at least thirty (30) days prior to the hearing date. Demonstrative exhibits shall not include power point presentations.

At least thirty (30) days prior to the hearing date, the Parties shall supplement this Joint Claim Construction and Prehearing Statement with any additional evidence obtained in fact discovery after February 20, 2012 and for which one or both parties intend to rely at the claim construction hearing.

Respectfully submitted,


__/s/  Scott A. Campbell_____          __/s/   Gregory J. Krabacher_____

Scott A. Campbell (0064974)                                    Gregory J. Krabacher (0079259)
Trial Attorney                                                         Trial Attorney
THOMPSON HINE LLP                                           Bricker & Eckler LLP
41 South High Street                                               100 S. Third Street
Suite 1700                                                            Columbus, Ohio 43215
Columbus, Ohio 43215                                          Phone: (614) 227-2369
Phone: (614) 469-3311


Joseph A. Hynds (admitted *pro hac vice*)              Alan J. Ross Esq. (0024245)
Brian A. Tollefson (admitted *pro hac vice*)            Law Offices of Alan J. Ross
Daniel L. Shores (admitted *pro hac vice*)              14222 Madison Avenue
ROTHWELL, FIGG, ERNST &                                 Lakewood, OH 44107
MANBECK, P.C.                                                   Phone: (216) 228-1500
1425 K St., N.W., Suite 800                                   Mobile: (216) 905-1812
Washington, DC 20004
Phone: (202) 783-6040


Attorneys for Plaintiff                                            Attorneys for Defendant